UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RIVES M. GROGAN, JR.<br><br>              Plaintiff,<br><br>   v.<br><br>ROBIN M. MERIWEATHER, *et al.*,<br><br>             Defendants. | Civil Action No. 22-1887 (JMC) |

## MEMORANDUM OPINION

Pro se Plaintiff Rives Grogan, Jr. filed a civil complaint against United States Magistrate Judge Robin Meriweather, the United States District Court, his court-appointed attorney Mark Goldstone, and the Capitol Police alleging that these defendants violated a host of his constitutional rights, including his right to free speech, to travel, and to a speedy trial.[1] ECF 1. According to his civil cover sheet, Plaintiff seeks $1,000,000 for his damages. *See* ECF 1-1. For the reasons discussed in greater detail below, the Court **DISMISSES** the complaint.

This Court may dismiss a case sua sponte where "the plaintiff cannot possibly win relief." *Baker v. Director, U.S. Parole Comm'n*, 916 F. 2d 725, 726 (D.C. Cir. 1990) (per curiam). That is the circumstance here. Plaintiff's complaint states no viable claims, names defendants who cannot be sued for the constitutional violations alleged, and is thus without merit.

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

Plaintiff is a defendant in a pending contempt matter before Judge Merriweather[2] and alleges that certain conditions of his release that restrict his ability to travel to the District of Columbia violate his constitutional rights. Plaintiff cannot sue Judge Meriweather because he objects to her rulings. She is absolutely immune from suits for damages for all actions she takes in her capacity as a judge "unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). For the same reason, Plaintiff cannot sue the District Court because he is unhappy with a judge's orders.

Plaintiff's complaint also fails to state any viable claims against the attorney representing him in his contempt matter. Plaintiff's complaint alleges that Mr. Goldstone violated his constitutional rights because he refused to appeal orders in his contempt proceeding and would not assist him in filing the instant case. But his court-appointed attorney is not a government actor who can be sued civilly for the constitutional violations alleged, so Plaintiff cannot bring these claims against him. *See, e.g., Delaney v. District of Columbia*, 659 F. Supp. 2d 185, 200 (D.D.C. 2009) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing, in the context of Section 1983 claim, that a "court-appointed attorney does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding.")).

Finally, the complaint also names the Capitol Police as a defendant, but Plaintiff does not allege sufficient facts that support his allegations that the Capitol Police violated his constitutional rights. ECF 1 at 2. Even if he could beef up his allegations, Plaintiff cannot bring a *Bivens* action, seeking damages for alleged constitutional violations, against a federal agency. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994). Thus, Plaintiff's claims against the Capitol Police are dismissed as well.

---

[2] That case is Case No. 19-mj-182.

The Court is aware that complaints filed by pro se litigants are held to less stringent standards than those applied to pleadings drafted by lawyers. But even liberally construing Plaintiff's allegations as something other than a suit for monetary damages, Plaintiff cannot sue these Defendants because he does not like what is happening in his contempt case. Because the Court sees no avenue through which Plaintiff can possibly win relief in this civil action, Plaintiff's complaint is dismissed.

A separate final, appealable order accompanies this Memorandum Opinion.

**SO ORDERED.**

DATE: July 13, 2022

Jia M. Cobb
U.S. District Court Judge
